NOT RECOMMENDED FOR PUBLICATION
OR CITATION AS AUTHORITY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| VONN WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-501-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES E. SAMUELS, Jr., Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**       **    **    **    **

Vonn Washington, an individual currently in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated in the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has now paid the district court filing fee. This matter is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS AND ALLEGATIONS

The Petitioner alleges that he was a victim of biased prison disciplinary proceedings, which the Court construes as claims that his rights to due process and equal protection were violated. The following is a summary of the Petitioner's allegations, as contained in his *pro se*, typed complaint and attached documents from the challenged disciplinary proceedings.

-1-

Petitioner Washington appeared before a Disciplinary Hearing Officer ("DHO") on January 6, 2005, having been charged with the use of narcotics, specifically smoking marijuana, a BOP Code 112 offense. He denied the charge, but stated that he had been around other people who had used the substance. The DHO found Washington guilty as charged, finding that Washington's denial was not credible. The DHO's decision was also based on the Petitioner's urine specimen and the chain of evidence for that specimen which the Petitioner acknowledged as being his.

The DHO sanctioned the Petitioner with 60 days in disciplinary segregation, loss of commissary privileges for six months and loss of visiting privileges for two years. Washington appealed this decision through the BOP administrative remedy system, claiming that his sanctions were more severe "than have been levied against other similarly situated inmates at this institution for having allegedly violated the same code 112 under identical circumstances . . . without specifying why." BOP officials consistently responded that the DHO's decision was based on the greater weight of the evidence, in accordance with BOP guidelines, and considered on a case-by-case basis. In relevant part, the BOP concluded that "you are not privy to the totality of knowledge regarding any other inmates's disciplinary matters."

Having exhausted his administrative remedies, the Petitioner filed the present action. In his self-styled complaint, he specifies that in February 2005 another inmate ("Braden") was before the DHO charged for the same violation, for the second time, and received a lesser sanction, *i.e.*, 60 days in segregation; 6 months' loss of commissary privileges; and 18 months' loss of visiting privileges.

<u>DISCUSSION</u>

The Court notes that Washington does not deny that he was guilty of the offense or that there were any irregularities in the disciplinary proceedings. His only complaint is that one of his

sanctions – the loss of visiting privileges – was six months longer than another inmate's penalty for the same offense.

The Court also notes that any assertion of a violation of procedural due process is without merit. All sanctions imposed, including the loss of visitation privileges, are within the ordinary incidents of confinement. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989) (holding that an inmate's interest in visitation does not rise to a liberty interest protected by the due process clause). Because none of the sanctions meet the test of being an atypical or imposing a significant hardship in relation to the ordinary incidents of prison life, there is no procedural due process claim. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ware v. Morrison* 276 F.3d 385, 388 (8th Cir. 2002).

The Petitioner also suggests, but does not claim, that the DHO was biased. A prisoner has a right to have a disciplinary hearing conducted by an impartial decision maker. *Supt., Mass. Correctional Institution at Walpole v. Hill*, 472 U.S. 445 (1985). However, there is no constitutional infraction, if there is no showing of actual bias. *Komyatti v. Wright*, 78 F.3d 586, **2 (7th Cir. 1996) (unpublished) (citing *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974)).

Likewise, the Petitioner has not stated a substantive due process claim based on the loss of visitation privileges for 24 months. To state a viable claim, the Petitioner "must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791, n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1951)); *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir. 1993)). The penalties imposed in this matter fall far short of this. *See Cale v. Johnson*, 861 F.2d 943, 949 (6th Cir. 1988).

Finally, to the extent that the Petitioner is attempting to state an equal protection claim, he has alleged neither factual support establishing that he is "similarly situated" to any other inmate(s) who received more favorable treatment, nor facts evidencing intentional or purposeful discrimination for the alleged less favorable treatment.  An equal protection claim which is not supported by factual allegations may be dismissed as being only conclusory.  *See Blackburn v. Fisk University*,  443 F.2d 121 (6th Cir. 1971).

## CONCLUSION

The Court being advised, it is hereby **ORDERED** as follows:

(1)     Vonn Washington's petition for writ of habeas corpus is **DENIED**.

(2)     This matter is **DISMISSED**, with prejudice, and Judgment shall be entered in favor of the Respondent.

This 12th day of October, 2005.



**Signed By:**

***Danny C. Reeves*** DCR

**United States District Judge**